UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JARED ZAMZOW,

          Plaintiff,

     v.

WELLS FARGO COMPANY,

          Defendant.

Case No. 20-CV-58-RSL

ORDER OF DISMISSAL

On January 13, 2020, plaintiff lodged a complaint in this Court seeking various forms of relief from defendant for alleged violations of the Americans with Disabilities Act. Plaintiff's complaint also mentions "ADEA" (presumably the Age Discrimination in Employment Act), and "Title VII" (presumably Title VII of the Civil Rights Act of 1964). Pursuant to 28 U.S.C. § 1391(b), civil actions in federal court may be brought, with limited exceptions, only in the judicial district where defendants reside or in a judicial district in which a substantial part of the events giving rise to the claim occurred. On the face of the complaint, this action involves a Texas plaintiff, a California corporation, and conduct which occurred in Harris County, Texas. Accordingly, venue does not lie in this judicial district.

Plaintiff was ordered to show cause why the above-captioned matter should not be dismissed for improper venue under 28 U.S.C. § 1406(a). Plaintiff timely responded on February 7, 2020, stating that "[a]ll of the events which make up the basis of this claim took place in the suburbs of Seattle, Washington," while "[t]he only event that touched Texas was when Wells Fargo sent a letter to fire [plaintiff]." See Dkt. #5. Plaintiff's response directly

ORDER OF DISMISSAL - 1

contradicts his complaint, which provides that "[t]he acts or omissions that serve as the basis for this cause of action occurred in Harris County, Texas[.]" Dkt. #1 at ¶ 4.  The Court cannot ascertain any facts from the face of plaintiff's complaint that support venue in this judicial district.

On February 20, 2020, plaintiff lodged an amended complaint with the Court.  See Dkt. #6.  Plaintiff's amended complaint is largely reiterative of his original complaint and fails to cure the venue defect identified above.

Accordingly, this matter is DISMISSED without prejudice for improper venue.  Because plaintiff's response to the Court's order to show cause directly conflicts with his complaint, the Court will permit plaintiff to amend his complaint to clarify the factual allegations supporting venue in this district.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").  Plaintiff shall file his amended complaint on or before March 26, 2020.  The Clerk of Court is directed to note plaintiff's amended complaint deadline on the Court's calendar.

DATED this 25th day of February, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 2