UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED ZAMZOW,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO COMPANY,<br><br>Defendant. | Case No. 2:20-CV-00058-RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO AMEND CASE SCHEDULE |

This matter comes before the Court on "Defendant's Motion to Amend Case Schedule." Dkt. # 22. On May 1, 2020, the Court set the trial date and related dates for this case. Dkt. # 21. Defendant's proposed amendment would adjust three of the deadlines while maintaining the current trial date of June 7, 2021. Plaintiff opposes the motion. Dkt. # 27.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation[.]" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. at 609.

Defendant argues that good cause exists here because the proposed deadlines will permit the parties to complete discovery and explore alternative dispute resolution, and the proposed deadlines will not prejudice plaintiff. Defendant also contends that plaintiff had previously affirmed his willingness to cooperate with the deadlines defendant proposed. According to defendant, plaintiff later conditioned his approval on a request for a mediation date, a request

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO AMEND CASE SCHEDULE - 1

defense counsel explains he could not act on due to the last-minute nature of the request. In response to defendant's motion, plaintiff asserts that no good cause exists and that defendant is "trying to extend deadlines in hopes that [plaintiff] will die before the end of the lawsuit." Dkt. # 27.

The Court observes that defendant appears to have attempted to work cooperatively with plaintiff in proposing to modify the case schedule, including honoring plaintiff's desire to maintain the current trial date. Thus, the Court is not convinced that defendant is attempting to use dilatory tactics at the expense of the plaintiff's health or to otherwise prejudice plaintiff's case. Nevertheless, defendant has not demonstrated its diligence in attempting to adhere to the existing case schedule. Rather, defendant primarily argues that its proposed amendments to the case schedule would provide the parties with more time to pursue alternative dispute resolution, but plaintiff opposes defendant's motion, and the requested extension of deadlines may not necessarily accelerate settlement discussions. Moreover, defendant's proposed schedule does not appear very well targeted to provide ample time to pursue alternative dispute resolution. Defendant proposes that reports from expert witnesses under FRCP 26(a)(2) and discovery be completed by March 9, 2021, but defendant maintains the proposed settlement conference date of February 21, 2021. See Dkt. # 22 at 4. Given that defendant also claims that discovery on plaintiff's health and damages will be needed prior to mediation, Dkt. # 30 at 3–4, it seems counterproductive to delay the discovery completion date until after the proposed deadline for holding a settlement conference, especially where these conferences typically proceed only after parties have participated in mediation. See LCR 39.1(e).

Ultimately, in light of the ongoing effects of the COVID-19 pandemic, and in the interest of complete disclosures, the Court will grant a brief extension on the deadline for reports from expert witnesses under FRCP 26(a)(2). See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). The Court also encourages defendant to pursue alternative dispute resolution with plaintiff as early as possible, given both parties' apparent interest in resolving this matter.

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO AMEND CASE SCHEDULE - 2

It is hereby ORDERED that:

1. Reports from expert witnesses under FRCP 26(a)(2) are due on January 9, 2021, not December 9, 2020.

DATED this 8th day of December, 2020.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO AMEND CASE SCHEDULE - 3