**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
  DISTRICT JUDGE

December 30, 2020

| | |
|---|---|
| Suzanne K. Michael, Ryan R. Jones | Jared Zamzow |
| Fisher & Phillips LLP | 5110 Charriton Drive |
| 1201 Third Avenue, Suite 2750 | Houston, TX 77039 |
| Seattle, WA 98101 | |

**Delivered Via CM/ECF**

  RE:  <u>Zamzow v. Wells Fargo Co.</u>, C20-58RSL
       Proposed Stipulated Protective Order

Dear Ms. Michael, Mr. Jones, and Mr. Zamzow:

On December 22, 2020, the Court received your proposed "Stipulated Protective Order." Dkt. # 34.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, oppression, or undue burden or expense, including protecting confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The

order mentions types of information that may, in fact, be confidential, such as "trade secrets" and "medical information." The order also purports to cover exceptionally broad categories of documents, such as documents "including but not limited to . . . research, design, development, financial, technical, marketing, planning, personal, or commercial information" or "nonpublic policies and procedures." These materials may or may not have been kept in confidence and may or may not provide a commercial advantage to defendant's competitors if disclosed. The parties' description of "confidential" documents imposes virtually no limit on what corporate documents could be shielded from public view.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge